**SURE SAFE INDUSTRIES, INC.,**
Intertrack Management, Inc.,
Plaintiffs,

v.

**C & R PIER MFG., Richard Clifton, & Chuck Giles, Defendants.**

Civ. No. 92–1050–E (LSP).

United States District Court,
S.D. California.

July 27, 1993.

Jerome Norris, Antonelli, Terry, Stout & Kraus, Washington, DC, and J.S. Kopelowitz, Branscomb & Kopelowitz, San Diego, CA, for plaintiffs.

Jeffrey G. Sheldon and Howard L. Hoffenberg, Sheldon & Mak, Pasadena, CA, for defendants.

## MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

### BACKGROUND

This is an action for infringement for U.S. Patent No. 4,937,989 (the '989 patent) claiming a mobile home support that elevates and ties together "trailer-like" sections of mobile homes. The suit is brought by plaintiffs Sure Safe Industries, Inc. ("Sure Safe") and Intertrack Management, Inc. ("Intertrack") against defendants C & R Pier Mfg. ("C & R"), Richard Clifton and Chuck Giles.

The '989 patent claims a combination of three assemblies: 1) a pair of piers; 2) a two-part clamp to engage an I-beam (the "marriage lock"; and 3) a tie-rod assembly for connecting piers. The '989 patent does not contain claims for any single sub-assembly by itself. Only a product comprised of all three sub-assemblies arranged as set out in the claims infringes.

On April 28, 1993, this court granted summary judgment in favor of defendants on non-infringement grounds. At that time, the court found that the defendants' motion for summary judgment based on invalidity was moot in light of its decision to grant summary judgment on non-infringement grounds.

However, defendants have subsequently requested this court to rule on the invalidity issue. They have convincingly argued that the invalidity issue is relevant to defendants' counterclaims in this case. Additionally, defendants have drawn this court's attention to a recent Supreme Court case which indicates the Court's preference that district courts rule on both the infringement and invalidity issues, even when non-infringement is found. *See Cardinal Chemical Co. v. Morton International, Inc.,* —— U.S. ——, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993). In light of this recent Supreme Court case and upon further consideration, this court has decided to render a ruling on defendants' motion for summary judgment based on invalidity. For the following reasons, the court denies defendants' motion for summary judgment on invalidity.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact and that judgment may be entered as a matter of law. *Richards v. Neilsen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987). "[A] party opposing a properly supported motion for summary judgment ... 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (*citing* Fed.R.Civ.P. 56(e)) (footnotes omitted). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513.

### II. MOTION FOR SUMMARY JUDGMENT BASED ON INVALIDITY

Plaintiffs argue that the patent is invalid because: 1) it fails to comply with the best mode requirement on 35 U.S.C. § 112; and

2) the inventor, Clayton Chong, failed to read the application before it was filed in the Patent Office and executed a false oath to the contrary.

## A. *Best Mode*

Defendants argue that summary judgment should be granted because the inventor failed to disclose the best mode for practicing his invention at the time of the patent.

■■■ 35 U.S.C. § 112 requires that the "specification shall set forth the best mode contemplated by the inventor carrying out his invention." A patent that fails to meet this statutory requirement is invalid. *See Spectra–Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1537 (Fed.Cir.1987). The failure to disclose the best mode for practicing an invention can result in summary judgment against the patentee. *See Acme Resin Corp. v. Ashland Oil, Inc.*, 20 U.S.P.Q.2d 1305, 1991 WL 274498 (S.D.Ohio 1991). Pursuant to 35 U.S.C. § 282, defendants have the burden of proving by clear and convincing evidence that the inventors of the '989 patent failed to disclose what they contemplated to be the best mode for carrying out their invention. This burden includes the burden of overcoming the presumption of patent validity. *See Cable Electric Products, Inc. v. Genmark, Inc.*, 770 F.2d 1015, 1022 (Fed.Cir. 1985).

■■■ Best mode is a question of fact. *DeGeorge v. Bernier*, 768 F.2d 1318, 1324 (Fed.Cir.1985). There is no objective standard by which to judge the adequacy of a best mode disclosure. *Id.* The court must determine whether the quality of an applicant's best mode disclosure is so poor as to effectively result in concealment. *Id.* In doing so, the court should consider evidence of accidental and intentional concealment. *Id.* The purpose of the best mode requirement "is to restrain inventors from applying for patents while at the same time concealing from the public preferred embodiments of their inventions which they have in fact conceived." *Id.*

■■■ Defendants assert that C & R Pier concealed the fact that the best mode of plaintiffs' invention is one where the tie-rod is welded to the pier collar, rather than being threaded into a threaded aperture of the pier collar. The version disclosed in the application with a threaded tie-rod differed from the invention being sold at the time which had the tie-rod assembly welded to the pier collar. According to defendants' evidence, this mode had superior strength and was easier to manufacture. There is a presumption that the commercial version of the invention being sold at the time of the filing date is the best mode. *See Union Carbide Corp. v. Borg–Warner Corp.*, 550 F.2d 355, 362 (6th Cir. 1977).

In response, plaintiffs argue that they did not fail to disclose the best mode of the invention because the quality of their disclosure was not so poor as to result in concealment. *See Scripps Clinic & Research FDN. v. Genentech, Inc.*, 927·F.2d 1565 (Fed.Cir. 1991); *DeGeorge*, 768 F.2d at 1324.

In *Scripps*, summary judgment was improperly granted because the Federal Circuit found there was no concealment of the antibody which defendants argued constituted the "best mode" for carrying out the plaintiff's invention. *Scripps*, 927 F.2d at 1579. The court reasoned that defendants did not prove a violation of the best mode requirement because the specification did reveal the process which would allow one to produce the antibody, even though it did not reveal the exact nature of the antibody itself. *Id.* Thus, there was not sufficient evidence of concealment to entitle defendants to summary judgment. *Id.*

■■■ Similarly, this court finds that there is no evidence in this case that plaintiffs concealed the best mode for practicing their invention. Plaintiffs explain that the patent application was prepared by the Washington, D.C. patent agent based on drawings created by the inventors before they had built the actual unit. The drawings of the unit disclosed a threaded means of attachment between the shafts and the pier collar.

However, after the drawings were provided to the patent agent, the inventors actually constructed the invention. During the construction process, the shafts were welded, rather than threaded into the pier collars.

However, this minor change was not reflected in the initial drawings submitted to the patent office because it had not yet taken place.

This court does not agree with defendants that by welding the rod tips to the collars instead of threadingly engaging them, a new mode of invention was created. Rather, the court finds that the difference in effect in welding and threading the collars is not significant enough to find the type of concealment necessary to render summary judgment in defendants' favor.

Plaintiffs persuasively distinguish the *Spectra–Physics* case relied on by defendants by arguing that in the *Spectra–Physics* case the non-disclosure was of a highly technical aspect of the invention. 827 F.2d 1524, 1537. Specifically, the inventor in *Spectra–Physics* failed to disclose a crucial blazing process in the production of lasers, which ultimately resulted in the loss of significant time and money by other parties who attempted to reinvent this process. 827 F.2d 1524, 1537. This court agrees with plaintiffs that it is untenable to extrapolate from the highly technical omission in the *Spectra–Physics* case to the relatively simple omission concerning the method for attaching the tie-rods in this case. There is no apparent harm done to defendant by the error in the patent application in this case.

■ The best mode requirement does not require that every trivial aspect of the invention be disclosed. *See In re Gay*, 309 F.2d 769 (C.C.P.A.1962). This is not a case of nondisclosure but, rather, a case where minor aspect of the invention was inaccurately reflected in the patent application. The error in this case involved a non-material and relatively simple aspect of this invention, which would probably have been apparent to someone skilled in the art. It would not take one even skilled in the art to know that welding the tie-rod may be a more sturdy way to attach the tie-rod than threading it. Thus, though the actual invention and the patent application do differ slightly, there is no indication that plaintiffs "concealed" information by not disclosing it on their patent application.

Furthermore, the illustration of Claim 4 is not precise enough to exclude the possibility that the tie-rod was welded to the pier. The diagram of figure 4 is ambiguous enough that by itself it could indicate that the tie-rods are welded to the collars. This court does not find that the specification language indicating the "threaded" nature of the tie-rods constitutes concealment because it must be considered in light of the diagram, which does not exclude the possibility of welded tie-rods.

Defendants have not proven that as a matter of law they are entitled to summary judgment. Plaintiffs have submitted evidence that the method for attaching the tie-rod does not affect the invention and, therefore, the best mode could conceivably contain either method. Defendants have not submitted sufficient evidence to carry their burden and to overcome the presumption of patent validity.

This court does not believe the best mode requirement was intended to be used to invalidate patents in a case like this where the non-disclosure or error concerns such a trivial aspect of the invention. A contrary result would call into question the validity of thousands of patents where the actual invention differs only slightly from the description in the patent application.

Thus, since there is not sufficient evidence of concealment in this case, the court denies defendants' motion for summary judgment based on 35 U.S.C. § 112.

## B. *Failure to Read Patent Application/False Oath*

■ Plaintiffs argue that the patent is invalid because Mr. Chong did not read the patent application before signing the oath required by 35 U.S.C. § 115.

35 U.S.C. § 115 requires that an applicant for a patent make an "oath that he believes himself to be the original and first inventor of the process, machine, manufacture, or composition of matter, or improvement thereof, for which he solicits a patent." Plaintiffs note that for an inventor to make such an oath, it is necessary that the inventor read the patent application. Accordingly, the

Patent Office promulgated Rule 56, 37 C.F.R. § 1.56(c) (Rule 56) which states that:

> any application signed or sworn ... without actual inspection by the applicant ... may be stricken from the files.

Mr. Chong signed the oath required. However, Chong testified in his deposition that he never reviewed the specification and claims. Thus, he violated Rule 56 and 35 U.S.C. § 115.

Furthermore, defendants argue that plaintiff committed fraud on the Patent Office. As part of the oath, Chong acknowledged that:

> I hereby declare that all statements made herein of my own knowledge are true ... and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Federal courts have held patents unenforceable for false statements made in the statutory oath. *See, e.g., C.F. Precision Instrument Mfg. Co. v. Automotive Machinery Co.,* 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381 (1945) (assignee withheld information that a patentee made a false oath). Defendants argue that Mr. Chong made a false statement by signing the oath and promising that he had reviewed the patent. Therefore, they argue the patent should be unenforceable.

However, plaintiffs convincingly argue that this court should not invalidate the patent merely because one of the inventors did not thoroughly review the application. They argue that the intent behind the regulation is to avoid fraud and that the Rule's primary focus is on a duty of disclosure. An applicant must disclose all information which is known to be material, and failure to do so may render the patent invalid. Plaintiffs illustrate that the cases relied on by defendants all have elements of fraud, deception or unfairness.

In the case at bar, no one was injured by Chong's failure to review the application. There is no element of fraud, except that in signing the oath, Chong promised that he had reviewed the application, when in fact he had not.

Under Rule 56, this court has the discretion to invalidate the patent for failure to review the specification, but it is not required to do so. Thus, this court does not base its ruling on the summary judgment motion on the ground that Chong failed to review the application before signing the oath.

### CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby denies defendants' motion for summary judgment based on patent invalidity.